**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| APG POLYTECH, LLC, | § | |
| Plaintiff | § | |
| | § | |
| V. | § | C.A. No. 4:20-2804 |
| | § | |
| DALLAS, GARLAND & | § | |
| NORTHEASTERN RAILROAD, INC., | § | |
| Defendant | § | |

## COMPLAINT

APG Polytech, LLC ("APG"), Plaintiff herein, complains of Dallas, Garland & Northeastern Railroad, Inc. ("DGNO"), Defendant herein, and in support would show as follows:

## I.
## PARTIES

1.      Plaintiff, APG Polytech, LLC ("APG"), is a Delaware corporation or similar business entity authorized to do business in Texas. APG was the owner and shipper of the cargo made the basis of this lawsuit.  APG brings this action on its own behalf and on behalf of and for the interests of all parties who may be or become interested in the cargo in question.

2.      Defendant, Dallas, Garland & Northeastern Railroad, Inc. ("DGNO"), was and now is a foreign corporation or similar entity which regularly operates in Texas as a common carrier of goods by rail. DGNO may be served with complaint and summons by certified mail, return receipt requested, upon any officer at its Texas principal place of business, 475 Gautney Street, Garland, Texas 75040.

## II.
## SUBJECT-MATTER JURISDICTION

3.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 49 U.S.C. § 11706 as this matter involves damage to cargo transported in interstate commerce by rail and the amount in controversy for each receipt or bill of lading at issue exceeds $10,000.00, exclusive of interest and costs.

## III.
## RESPONDEAT SUPERIOR

4.     Whenever APG alleges that DGNO did any act or thing, it is meant that DGNO's officers, agents, servants, employees or representatives did such act or thing and at the time such act or thing was done, it was done with the full authorization or ratification of DGNO or done in the normal and routine course and scope of employment of DGNO's officers, agents, servants, employees or representatives.

## IV.
## FACTS

5.     On or about May 20, 2019, DGNO was transporting APG's cargo of 198,500 lbs of Cleartuf 8006 Bulk Polyester Resin under B/L 540152849 in Railcar MGRX010553 during its final stage of transportation from Apple Grove, West Virginia to Rockwall, Texas. During that final stage of transportation by DGNO, the railcar carrying APG's cargo derailed and overturned.

6.     Only a portion of the cargo was salvageable.  The value of the damaged cargo in its undamaged state was approximately $120,000.00.  After salvage, APG suffered a loss of approximately $80,000.00.

7.     DGNO advised it would handle APG's claim and requested that APG open a "vendor account" with DGNO to facilitate payment of the claim.  APG provided timely

written notice of its claim to DGNO and submitted paperwork to open a vendor account as DGNO requested,  DGNO never denied the claim in whole or in part, but subsequently refused to respond to any of APG's inquiries concerning the claim.

## V.
## CARMACK AMENDMENT

8.     DGNO received the cargo of bulk polyester resin in good order and condition for transportation.  The railcar derailed and overturned during transportation and caused damage to, contamination of and loss of the cargo in question. DGNO failed to deliver the cargo to its destination in the same good order and condition as DGNO received it. DGNO thus breached its duties and obligations as a common carrier, which breaches proximately caused the damage and loss in question.

## VI.
## DAMAGES

9.     As a direct and proximate cause of the breaches set forth above, APG has suffered damages in the amount of at least EIGHTY THOUSAND AND 00/100 DOLLARS ($80,000.00), plus prejudgment interest, postjudgment interest, and all costs of court.

## VII.
## CONDITIONS PRECEDENT

10.    All conditions precedent necessary to maintain this lawsuit have been performed or have occurred.

## VIII.
## PRAYER

11.    WHEREFORE, PREMISES CONSIDERED, Plaintiff APG prays that, upon final trial, APG have judgment against Defendant DGNO as follows:

    a.  Actual damages of at least $80,000.00 for the above-stated causes of action;

3

b. Prejudgment interest and postjudgment interest at the maximum legal rate;

c. All costs of court; and

d. For such other and further relief, general or special, at law or in equity, to which Plaintiff APG may show itself justly entitled.

Respectfully submitted,

/s/ *Robert G. Moll*
ROBERT G. MOLL
SDTX I.D. No.: 15213
Texas Bar No.: 00784622
1903 Blooming Park Lane
Katy, Texas 77450
Telephone:     (713) 540-2780
E-mail:         texlaw1992@aol.com

**ATTORNEY FOR PLAINTIFF**
**APG POLYTECH, LLC**

4